*Let this be filed.*

_____
John D. Bates          Date
U.S. District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,
    Plaintiff,

CRIMINAL NO: 21-CR-145 (JDB)

vs.

OLATUNJI DAWODU,
    Defendant,
_____/

## MEMO IN OPPOSITION OF GOVERNMENT'S MOTION TO APPEAL RELEASE ORDER

**COMES NOW**, the Defendant, Olatunji Dawodu, by and through the undersigned counsel, and responds to the Government's Appeal of Judge Strauss's Order denying pretrial detention, pursuant to 18 U.S.C. § 3145, and, in opposition thereto, shows unto the Court the following:

1. The Defendant opposes the Government's request for pre-trial detention for the reasons previously identified in the Detention Hearing held on March 31, 2021, by the undersigned counsel and Magistrate Judge Strauss.

2. The Bail Reform Act of 1984 provides limited exceptions to pretrial release only if the court can find, based upon the evidence presented, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

3. United States Magistrate Judge Strauss of the Southern District of Florida granted Mr. Dawodu release and found that, "there are a combination of conditions that I can set, despite the presumption and despite the evidence, that will reasonably assure the defendant's appearance…" [Det. Hrg. Tr. at 72]. Judge Strauss continued, "He also does have strong enough ties to the United States. While there is the risk of flight to another country, the conditions that

I impose can reasonably mitigate those risks to ensure the defendant's (inaudible) at trial." [Det. Hrg. Tr. at 73]. Additionally, Judge Strauss stated, "Given his lack of criminal history, I think while there is a danger posed given the nature of the offense, again, the lack of criminal history suggests that -- or there's no evidence that he would not be deterred by conditions of bond." [Det. Hrg. Tr. at 72-73].

4. Mr. Dawodu is not a danger to the community, and the government failed to show by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. Mr. Dawodu would show the following as grounds to support this position:
    a. Mr. Dawodu has no criminal history. The Pretrial Services Report indicates Mr. Dawodu has one prior conviction from Butts County, Georgia. However, this case was never filed, and prosecution was never commenced against Mr. Dawodu.
    b. During the investigation and his arrest, Mr. Dawodu showed no signs of violent behavior or resistance to law enforcement authority. [Det. Hrg. Tr. at 36].
    c. Mr. Dawodu's role in the alleged drug distribution conspiracy was minimal compared to other participants.
5. Mr. Dawodu is not a flight risk, and the government failed to show by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. Mr. Dawodu would show the following as grounds to support this position:
    a. Mr. Dawodu is a citizen of the United States. Despite being born in Nigeria, Mr. Dawodu identifies as an American and is proud to be an American. Mr. Dawodu came to the United States in 2005, and he became a naturalized citizen of the United States in 2011.
    b. Mr. Dawodu has strong ties to the United States, specifically to South Florida and the Maryland-DC area, and he has a strong support system surrounding him. Mr. Dawodu has a sister, who is a teacher, living in

  Maryland just outside of the District of Columbia. He is very close with his sister and she has offered him a place to stay if he needs to appear in person at future court dates in the District of Columbia. Additionally, Mr. Dawodu has a girlfriend, Jamila Bulle, who currently lives in Atlanta, Georgia. She is in the process of moving to Miami so she can be closer to Mr. Dawodu. She is willing to travel with Mr. Dawodu to all his future court proceedings to ensure he appears as required. Upon release, Mr. Dawodu will reside with his long-time friend, Ms. Rochelle Rose. Ms. Rose has been a very close friend of Mr. Dawodu for almost 16 years. Ms. Rose currently works at the University of Miami Hospital as an oncology pharmacy technician. She considers Mr. Dawodu family, and her two children refer to him as "Uncle TJ". Ms. Rochelle owns a home in Miami, and she has offered Mr. Dawodu a bedroom in her home to live while he is on pretrial release.

 c. Mr. Dawodu voluntarily surrendered his passports to the Federal Probation Office on March 29, 2021.

 d. There is no direct evidence of Mr. Dawodu accessing the darknet, engaging in cryptocurrency transactions, owning any cryptocurrency, or possessing the ability to conceal assets or conceal his whereabouts.

 e. Mr. Dawodu does not have the financial resources to enable him to flee this jurisdiction. He lived in a small efficiency where he paid $1,000 per month in rent. The only assets he owns is a car and a piece of jewelry, and he has less than $2,000 in his bank account.

6. Magistrate Judge Strauss ordered the release of Mr. Dawodu with the following conditions:

 a. $100,000 personal surety bond (cosigned by Rochelle Rose and Jamila Bulle).

 b. $100,000 -- 10% bond with a Nebbia condition (cosigned by Rochelle Rose and Jamila Bulle).

    c. Required to appear at all court proceedings in Southern Florida and the District of Columbia.

    d. Travel restricted to South Florida and the District of Columbia, but only the District of Columbia for the purpose of court appearances.

    e. To reside at Ms. Rochelle's home, placed on house arrest with GPS monitoring, may not leave the home except for medical reasons, court appearances, or attorney visits, and will not change addresses without prior notice to probation and the Court.

    f. Avoid all contact with any co-defendants, victims or witnesses involved in the crimes charged.

    g. No possession of firearms or destructive devices.

    h. Cannot pledge, mortgage, or otherwise encumber any real estate property while on bond.

    i. Cannot visit any commercial transportation establishments except as necessary to travel to the District of Columbia for appearance at court.

    j. Surrender any passports in possession.

    k. Report any contact with law enforcement within 72 hours of encounter.

    l. Must cooperate with law enforcement in the collection of DNA.

    m. Participate in substance abuse counselling as determined by Pretrial Services, and to abstain from the use of any narcotic drug or controlled substance.

    n. To report to Pretrial Services as directed.

7. The above-mentioned conditions of release are more than enough to reasonably assure Mr. Dawodu's appearance at future court proceedings and to reasonably assure the safety of the community.

**WHEREFORE**, for the reasons set forth above, the Defendant respectfully requests that this Court find that there are conditions or combination of conditions that would reasonably assure his appearance and the safety of the community and

enter an order adopting the order entered by Magistrate Judge Strauss authorizing the Defendant's release pending trial.

        Respectfully submitted,

        Landon Ray, Esq.
        Florida Bar Number: 124223
        Landon@chrlawgroup.com
        Chukwuma, Hildebrandt & Ray, PLLC
        1135 Kane Concourse, 5th Floor
        Bay Harbor Islands, FL 33154
        Telephone: (786) 408-9903
        Attorney for Defendant Olatunji Dawodu

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 12, 2021, a true and correct copy of the foregoing was furnished via CM/ECF to all counsel of record.

        By:    /s/Landon Ray
                  Landon Ray, Esq
                  Attorney for Defendant
                  Florida Bar No. 124223
                  Attorney for Defendant Olatunji Dawodu