UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>OLATUNJI DAWODU,<br><br>Defendant. | Crim. A. No. 21-145-2 (JDB) |
| UNITED STATES OF AMERICA,<br><br>v.<br><br>OLATUNJI DAWODU & ALEX OGANDO,<br><br>Defendants. | Crim. A. No. 21-163 (JDB) |

**MEMORANDUM OPINION**

In late 2022 and early 2023, the Court sentenced Alex Ogando and Olatunji Dawodu, respectively, to 144 months' incarceration after each pleaded guilty to distributing illegal drugs. Later in 2023, the United States Sentencing Commission enacted Amendment 821 to the United States Sentencing Guidelines ("Sentencing Guidelines"), which authorized courts to retroactively reduce the sentences of certain defendants awarded zero criminal history points at sentencing. Ogando and Dawodu have both moved pro se for a reduction in their 144-month sentences based on retroactive application of Amendment 821. For the reasons that follow, the Court will deny the motions.

1

**Background**

Because Dawodu and Ogando are co-defendants raising identical legal issues in their motions, the Court addresses their motions together.

I. **Olatunji Dawodu**

In August 2022, Dawodu pleaded guilty, pursuant to a Rule 11(c)(1)(C) plea agreement, to two counts of conspiracy to distribute 400 grams or more of a mixture and substance containing fentanyl, in violation of 21 U.S.C. § 846. Aug. 16, 2022 Min. Entry; Plea Agreement [ECF No. 20].[1] Under this "Type-C" plea agreement, the parties agreed that 120 to 168 months' incarceration followed by 60 months' supervised release would be appropriate. Id. at 2. The Court accepted the plea agreement and calculated Dawodu's offense level in each case as 41. Statement of Reasons [ECF No. 37] at 1. Because Dawodu did not have a criminal history, the Court assigned zero criminal history points, placing Dawodu in the lowest criminal history category—Category I. Id. The offense level and criminal history category resulted in a recommended guideline range of 324 to 405 months' imprisonment, from which the Court departed downward based on the parties' agreement. Id. at 2. The Court sentenced Dawodu in December 2022 to two 144-month terms of imprisonment, running concurrently, with credit for time served, as well as 60 months' supervised release. Judgment [ECF No. 36] at 2–3.

II. **Alex Ogando**

In September 2022, Ogando pleaded guilty, pursuant to a Type-C plea agreement, to one count of conspiracy to distribute 400 grams or more of a mixture and substance containing fentanyl, in violation of 21 U.S.C. § 846. See Sept. 23, 2022 Min. Entry. Ogando's plea agreement included the same terms as Dawodu's: 120 to 168 months' incarceration, followed by 60 months'

---

[1] Dawodu's charges arise from Crim. A. No. 21-145 (JDB) and Crim. A. No. 21-163 (JDB). For ease of reference, the Court refers only to the docket entries in case number 21-163. The relevant entries in case number 21-145 are relevantly identical.

2

supervised release. Plea Agreement [ECF No. 25] at 2. This Court also accepted Ogando's plea agreement. Statement of Reasons [ECF No. 49] at 2. After calculating Ogando's offense level at 41 and concluding he had no criminal history points, the Court calculated a guideline range of 324 to 405 months' imprisonment. Id. at 1. At Ogando's March 2023 sentencing, the Court departed downward pursuant to the parties' plea agreement and imposed the same sentence duration as it imposed on Dawodu: 144 months' incarceration with 60 months' supervised release. Judgment [ECF No. 48] at 2-3.

### III. Procedural Background

Ogando and Dawodu—both proceeding pro se—have each moved for a sentence reduction under 18 U.S.C. § 3582 pursuant to a retroactive change to the sentencing guidelines, Amendment 821, which reduces the offense level for certain individuals having no criminal history. Def.'s Mot. to Reduce Sentence [ECF No. 51] ("Dawodu Mot.") at 1; Mot. to Reduce Sentence [ECF No. 53] ("Ogando Mot.") at 4. The government concedes that each defendant is eligible for a reduction in offense level but argues that it does not make a difference, because both defendants received sentences lower than the guideline range resulting from the newly calculated offense level. U.S.'s Opp'n to Dawodu Mot. [ECF No. 56] ("Dawodu Opp'n"); U.S.'s Opp'n to Ogando Mot. [ECF No. 57]. Dawodu and Ogando each filed identical reply briefs arguing that the Court has discretion to lower their sentences below the amended guideline range. See Reply [ECF No. 58] ("Dawodu Reply"); Reply [ECF No. 59] ("Ogando Reply"). The motions are fully briefed and ripe for decision.[2]

---

[2] Because Ogando and Dawodu filed their motions pro se, the Court will construe their briefing liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**Legal Standard**

District courts can modify a term of imprisonment only in limited circumstances. Dillon v. United States, 560 U.S. 817, 824 (2010). One of the limited circumstances is when a defendant's "sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). When the Sentencing Commission has adopted a change to the guidelines, which is made retroactive, the Court may reduce a defendant's sentence accordingly. Dillon, 560 U.S. at 824–25. However, any sentence reduction must be consistent with "applicable policy statements issued by the Sentencing Commission," namely, §1B1.10 of the Sentencing Guidelines. 18 U.S.C. § 3582(c)(2); see Dillon, 560 U.S. at 826.

When considering motions for a sentence reduction under § 3582(c)(2), a court applies a two-step analysis. See Dillon, 560 U.S. at 827. At the first step, the court calculates the amended guideline range as if the amendment were in effect at the time of the original sentencing. Id.; U.S. Sent'g Comm'n Guidelines Manual ("USSG") § 1B1.10(b)(1) (Nov. 2023). The court then considers the extent to which § 1B1.10(b)(2) confines the scope of the reduction authorized. Dillon, 560 U.S. at 827. As relevant here, § 1B1.10(b)(2)(A) prohibits courts from reducing a term of imprisonment below "the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). If the Court finds that § 1B1.10 authorizes a sentence reduction, the court moves on to step two, evaluating the § 3553(a) sentencing factors to determine whether a reduction is warranted. Dillon, 560 U.S. at 827.

**Analysis**

Dawodu and Ogando each contend they are eligible for a reduction in sentence pursuant to Amendment 821, a recent, retroactive change to the Sentencing Guidelines. See Dawodu Mot. at 1; Ogando Mot. at 4–5. Amendment 821—appearing in § 4C1.1 (Adjustment for Certain Zero-Point Offenders)—provides a two-point reduction in offense level for a criminal defendant with

4

no criminal history points and without specific aggravating factors. USSG § 4C1.1. The Sentencing Commission made 4C1.1 retroactive, so that a defendant who has already been sentenced may seek relief from the sentencing court. See id. § 1B1.10(d); id. § 1B1.10 cmt. n.7. Defendants argue Amendment 821 applies to them because they received no criminal history points, and their offenses did not involve any listed aggravating factors. Dawodu Mot. at 1; Ogando Mot. at 9.

The Court agrees, as the government does too, that Ogando and Dawodu meet the § 4C1.1 criteria because they had no criminal history points and none of the aggravating characteristics listed in 4C1.1 apply. See Dawodu Opp'n at 4. Both defendants are thus eligible for a two-point reduction in offense level. Accordingly, their amended guideline ranges, with the new offense level of 39 and a criminal history of category of I, are 262 to 327 months' imprisonment.

However, neither Ogando nor Dawodu is eligible for a reduction in sentence because, as the government argues, Ogando and Dawodu's original 144-month sentences fall below the minimum of the amended guideline range. See Dawodu Opp'n at 4–6. Therefore, § 1B1.10(b)(2)(A) precludes any further reduction of their sentences. The D.C. Circuit is clear: when the existing sentence falls below the amended guideline range, courts may not reduce the sentence further in light of § 1B1.10(b)(2)(A). United States v. Taylor, 743 F.3d 876, 879–80 (D.C. Cir. 2014) (finding a prisoner could not seek a reduction under § 3582(c)(2) because the 180-month sentence fell below the 188-month lower-bound of the amended guideline range); see United States v. Ojeda-Herrera, No. 17-3075, 2018 WL 11413047, at *1 (D.C. Cir. 2018) (per curiam) (finding a prisoner ineligible for a sentence reduction under § 3582(c)(2) because his 204-month sentence was already below the amended guideline's lower-bound of 235 months); see also United States v. Ball, Crim. A. No. 5-100-1 (PLF), 2019 WL 1450451, at *5 (D.D.C. Apr. 2, 2019) (finding § 1B1.10(b)(2)(A) barred a further reduction because the existing sentence of 225 months'

incarceration fell below the amended guideline range's minimum of 235 months' incarceration). Under binding law, this Court is not authorized to consider a reduction in Ogando's or Dawodu's sentence.

The defendants cite two cases in support of their argument that the § 1B1.10(b)(2)(A) bar does not preclude a sentence reduction. Neither case supports their position. First, defendants cite In re Sealed Case, 722 F.3d 361 (D.C. Cir. 2013), for the proposition that "when the defendant's original sentence derived from a retroactively reduced range, and no impediment [of another sentencing guideline or statutory provision] exists," the defendant is eligible for a sentence reduction "even potentially below the amended range's lower end." Dawodu Reply at 4–5. Their argument is misplaced because § 1B1.10(b)(2)(A) is such an impediment that prevents reduction of the sentence in their cases.

Moreover, In re Sealed Case is factually inapposite. That case concerned § 3582(c)(2)'s applicability when a court waived a mandatory minimum pursuant to a substantial assistance motion under 18 U.S.C. § 3553(e) and subsequent amendments to the guidelines changed the applicable guideline range. See In re Sealed Case, 722 F.3d at 368. The court concluded that a defendant could benefit from a retroactive reduction of his offense level since his sentence was based on the guidelines, not the mandatory minimum. Id. That case did not address the question raised here—whether a court may reduce a sentence pursuant to § 3582(c)(2) even though the existing sentence is lower than the minimum of the amended guideline range—because the defendant's original sentence exceeded the minimum of the amended guideline range. Id. at 364. While § 1B1.10(b)(2)(A) did not impact the outcome of that case, the In re Sealed Case court acknowledged its effect, stating that "the maximum reduction a defendant may receive is a reduction to the low end of his new, post-amendment guideline range, unless he was sentenced below his applicable guideline range pursuant to one of several government motions that may be

6

filed to reward substantial assistance." Id. at 370. Without a substantial assistance motion—which is not present here—the floor of a reduction is the lower bound of an amended guideline range. In re Sealed Case does not overcome § 1B1.10(b)(2)(A)'s applicability to Dawodu and Ogando.

Nor does Hughes v. United States, 584 U.S. 675 (2018), offer the support defendants claim. That case held that Type-C agreements are still "based" on a sentencing guideline range and therefore a defendant whose applicable guideline range changes due to an amendment to the Sentencing Guidelines is eligible for a reduction in offense level under § 3582(c)(2), and potentially a concurrent reduction in sentence. Id. at 686–87. However, as in In re Sealed Case, Hughes involved an imposed sentence—180 months' incarceration—above the lower-bound of the amended guideline range of 151 to 188 months' incarceration. Id. at 683–84. Therefore, the court did not contend with the § 1B1.10(b)(2)(A) limit on reducing a sentence below the amended guideline floor. Hughes permits a court to alter a defendant's sentence, even though it was entered pursuant to a Type-C plea agreement—as Dawodu and Ogando's pleas were here—but it does not authorize courts to ignore § 1B1.10(b)(2)(A)'s language and reduce a sentence below the amended guideline minimum.

For Dawodu and Ogando, their 144-month sentences are below the lower-bound of the amended guideline range of 262 to 327 months' imprisonment.[3] Because § 1B1.10(b)(2)(A) clearly prohibits reducing a sentence below the lower-bound of an amended, applicable guideline range, the Court cannot grant Ogando's or Dawodu's motion for a reduced sentence.

\*   \*   \*

---

[3] Ogando puts forth arguments for applying the § 3553(a) factors. See Ogando Mot. at 9. However, because the Court finds the sentences ineligible for reduction under § 3582, the Court does not reach the question of whether either sentence should be reduced based on the § 3553(a) factors.

## Conclusion

For the reasons given, the Court will deny Ogando's and Dawodu's motions for a reduction in sentence. Orders consistent with this Memorandum Opinion will issue on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: June 24, 2024